**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
JACKSON HEWITT INC.,

                            Plaintiff,

      -against-

EXCELLENT PROFESSIONAL SERVICES
LLC, and ROSIVOUTHA DEJEAN,

                          Defendants.
--------------------------------------------------------X

**SUPPLEMENTAL REPORT &**
**RECOMMENDATION**

08-CV-5237 (JG) (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

## INTRODUCTION

On August 6, 2010, the undersigned issued a report in which it was recommended that

Jackson Hewitt, Inc.'s ("Plaintiff") motion for entry of default judgment and dismissal of

Defendants Excellent Professional Services LLC and Rosivoutha DeJean (collectively,

"Defendants") counterclaims be granted in part and denied in part (Docket No. 57), the reader's

familiarity with which will be assumed. In relevant part, I recommended that Plaintiff's motion to

dismiss Defendants' counterclaims be denied at that time due to the fact that Defendants were not

previously put on notice that their counterclaims would be dismissed due to their repeated non-

compliance with discovery obligations and court orders. I also recommended that Plaintiff's motion

for attorney's fees and costs be denied due to insufficient factual support.

On August 30, 2010, after only Plaintiff filed an objection to the report and

recommendation, the Court ordered Defendants to show cause on or before September 10, 2010 why

their counterclaims should not be dismissed for failure to state a claim or want of prosecution.

(Docket Entry dated 8/30/10.) On that date the Court also reserved judgment on the report and

recommendation pending issuance of a supplemental report and recommendation regarding the

Plaintiff's application for attorney's fees and costs, and Plaintiff's application to dismiss the

Defendants' counterclaims. To date, Defendants have neither objected to the original report and

recommendation, nor shown cause why their counterclaims should not be dismissed, nor objected to

Plaintiff's application for attorney's fees and costs.

For the reasons set forth below, I respectfully recommend that Plaintiff's motions to dismiss

Defendants' counterclaims, and for attorney's fees be granted.

**DISCUSSION**

**I.      Motion to Dismiss Defendants' Counterclaims**

Plaintiff's motion to dismiss the counterclaims should be granted for two reasons.

First, whether analyzed as a motion to dismiss for lack of prosecution under Rule 41 of the

Federal Rules of Civil Procedure, or as a motion for sanctions under Rules 16 and 37, Plaintiff's

motion should be granted.[1] Rule 16(f) provides, in pertinent part: "If a party or party's attorney fails

to obey a scheduling or pretrial order, . . . the judge, upon motion or the judge's own initiative, may

make such orders with regard thereto as are just, and among others any of the orders provided in

Rule 37(b)(2)(B), ©, (D)." Rule 37(b)(2) provides various sanctions for failing to obey a court

order, including the dismissal of the action. Rule 41© provides that a plaintiff may move for

dismissal for a defendant's failure to prosecute a counterclaim.

---

[1] Although litigants and courts rely on Rule 37, Rule 16(f) and Rule 41(b) as a basis to impose
sanctions, the Second Circuit has rejected the need to resort to Rule 16(f) or Rule 41(b). Since
"'Rule 37 . . . addresses itself with particularity to the consequences of a failure to make discovery .
. ., [t]here is no need to resort to Rule 41(b), which appears in that part of the Rules concerned with
*trials* and which lacks such specific references to discovery.'" *Salahuddin v. Harris*, 782 F.2d
1127, 1133-34 (2d Cir. 1986) (quotation omitted) (emphasis in original). Nonetheless, the factors
for dismissal under Rules 37 and 41 are similar, and I will analyze defendant's motion under the
principals applicable to each Rule.

The imposition of sanctions under these Rules is within a court's discretion, and will be overturned only where there has been an abuse of that discretion. *E.g., Minotti v. Lensink*, 895 F.2d 100, 102-03 (2d Cir. 1990). In considering dismissal for failure to comply with a court order under Rules 37 or 41, courts look to five factors, none of which are dispositive: (1) the duration of the failures, (2) whether the party was on notice that further delays would result in dismissal, (3) whether the moving party is likely to be prejudiced by further delays, (4) a balancing of the court's interest in alleviating its calendar congestion and protecting the party's fair chance to be heard, and (5) whether the judge has adequately considered the efficacy of lesser sanctions. *E.g., Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Further, because dismissal with prejudice is the most drastic sanction available, it should only be used in extreme situations evidencing willfulness, bad faith, or fault on the part of the party refusing discovery. *E.g., Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995). Willfulness or bad faith "imply a deliberate disregard of the lawful orders of the court." *Cine Forth-Second St. Theatre v. Allied Artists*, 602 F.2d 1062, 1067 (2d Cir. 1979). All of the pertinent factors favor dismissal of Defendants' counterclaims.

The duration of Defendants' failure to respond to the Order to Show Cause, while not lengthy (2 months) must be considered in connection with their overall failure to participate in this litigation in any meaningful sense. From the outset, Defendants have failed timely respond to many of the deadlines set by the Court or Plaintiff's counsel. Whether it was Defendants' failure to attend the temporary restraining order hearing in December 2008 (Docket No. 4), their failure to attend the renewed hearing on the Plaintiff's contempt motion in February 2009 (Docket No. 23), or their repeated failures to timely respond to or serve written discovery (Docket Nos. 40, 42, 44), Defendants have shown nothing but utter contempt for the Court, Plaintiff, and the prompt resolution of this matter. These failures, as well as the fact that Plaintiff has been awaiting entry of

final judgment for some time now,[2] clearly prejudice Plaintiff. Since issuance of the Order to Show

Cause on August 30, 2010, Defendants have been on notice that their counterclaims would be

dismissed unless they respond; they have not. Finally, the efficacy of lesser sanctions is doubtful

given Defendants' history of contempt and willful failure to meaningfully participate in this

litigation. The time has come to clear this case from the Court's already overburdened docket,

especially as Defendants' repeated failures evince a casual disregard for their fair chance to be

heard.

Second, beyond *ipse dixit* assertions of the merit of their counterclaims,[3] Defendants have

shown no reason why the counterclaims should remain for adjudication. In their answer, Defendants

assert four counterclaims under New York General Business Law ("GBL") § 349, common law

fraudulent concealment, unjust enrichment, and unlawful termination of contract. (Docket No. 33.)

The answer, however, is devoid of any factual support for the counterclaims. Aside from denying

the factual allegations in the complaint and asserting a host of boiler plate affirmative defenses, the

answer merely repeats the legal elements of each counterclaim, without elaborating on the facts in

support. For example, with respect to their GBL § 349 claim, the answer states:

> 34. The plaintiff knowingly, intentionally and maliciously misrepresented the terms of
> the alleged contract in order to induce the defendants to enter into the agreement.

---

[2] The motion for entry of default judgment has been sub judice since March 19, 2010. As reflected
in the original Report and Recommendation, final judgment should be entered against Defendants.

[3] The only response to Plaintiff's motion to dismiss consists of Defendants' counsel's assertion in
his affirmation that:

> it is imperative to resolve this matter on the merit [sic] rather than on procedural grounds.
> The defendants have asserted counterclaims against the plaintiff with even allegations
> sounding in fraud, among other things. Both the plaintiff and the defendants deserve a
> resolution of their claims on the merit [sic].

(Docket No. 55 at ¶¶ 24-26.)

35. The deceptive act of the plaintiff occurred in the course and conduct of the plaintiff's business, trade and commerce.

36. The deceptive act of the plaintiff had a broad impact on consumers at large.

37. The deceptive act of the plaintiff cause actual injury to the defendants.

38. As such, the act of the plaintiff constituted unlawful deceptive act and practice in violation of New York General Business Law Section 349.

39. By virtue of the plaintiff's violation of General Business Law Section 349, the defendants have been damaged in the amount of One Hundred Fifty Thousand ($150,000) Dollars.

Without factual allegations to support their counterclaims, it cannot be said that Defendants' counterclaims are plausible within the meaning of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, (2007), and its progeny. *See Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009) ('[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'") (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

Accordingly, I respectfully recommend that the Court grant Plaintiff's motion to dismiss Defendants' counterclaims, and dismiss them with prejudice. Defendants have had ample time to, but did not, seek to amend their answer to more fully plead their counterclaims, especially in light of the pending motion to dismiss and the Order to Show Cause. Respectfully, the time to do so has come and gone.


II.     **Plaintiff's Motion for Attorneys' Fees and Costs**

Plaintiff seeks a total of $105,899.85 in attorneys' fees. (Affidavit of Marco A. Anzalone in Support of Plaintiff's Application for Attorneys' Fees and Costs, ¶12.) Plaintiff also seeks $7,178.38 in costs. (*Id*. at ¶ 13.)

**A.      Attorneys' Fees**

In fashioning attorney's fees awards, the court is required to determine the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). As part of its equitable analysis, a court is urged to "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id*. Courts enjoy considerable discretion in determining the presumptively reasonable fee, and may weigh a number of factors including the time and labor involved, the level of skill required, and fee awards in similar cases. *See Century 21 Real Estate LLC v. Bercosa Corp.*, 666 F. Supp. 2d 274, 298 (E.D.N.Y. 2009) (citing the factors from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). Finally, in determining a reasonable hourly rate, the court should rely on rates approved by other courts in the district, as well as its own familiarity with the prevailing rates in its district. *A.R. ex rel. R.V. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 82 (2d Cir. 2005). The court's determination should also be informed by its consideration of rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stevenson*, 465 U.S. 886, 895 n. 11 (1984). It is the fee applicant, however, who bears the burden of demonstrating by "satisfactory evidence in addition to the attorney's own affidavits that the requested hourly rates are the prevailing market rates." *Farbotko v. Clinton County of New York*, 433 F.3d 204, 209 (2d Cir. 2005) (internal quotations omitted).

**1.      Reasonable Rates**

As noted above, courts are directed to calculate attorneys' fees on the basis of prevailing rates in the forum in which the court sits. *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170 (2d

Cir. 2009); *see also In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 232 (2d Cir. 1987)

(citing *Polk v. N.Y.State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)).  Known as the

"forum rule," its prescriptions are held to be generally applicable irrespective of "whether the

attorney involved was local or nonlocal."[4]  *Agent Orange*, 818 F.2d at 232.  Indeed, "[t]here is a

strong presumption in favor of the forum rule, and departure is appropriate only if a 'reasonable

client would have selected out-of-district counsel because doing so would likely (not just possibly)

produce a substantially better result.'" *Imbeault v. Rick's Cabaret Int'l Inc.*, No. 08-CV-5458,

2009 WL 2482134, at *2 (S.D.N.Y. Aug. 13, 2009) (quoting *Simmons*, 575 F.3d at 172).  In

weighing whether the applicant has sufficiently established such a likelihood, "the district court must

consider experience-based, objective factors . . . [such as] . . . counsel's special expertise in litigating

the particular type of case, if the case is of such a nature as to benefit from special expertise."

*Simmons*, 575 F.3d at 175-76.  Moreover, the fee applicant "cannot overcome the presumption

through mere proximity of the districts, nor can a litigant overcome the presumption by relying on

the prestige or 'brand name' of her selected counsel." *Id* at 176; *see also Agent Orange*, 818 F.2d

at 232 (presumption favoring forum rule overcome where applicant established that local counsel of

sufficient experience and competence unwilling or unable to litigate the matter).

Within this District, reasonable hourly rates for attorneys have ranged from $200 to $350

for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80

for legal assistants.  *See Gen. Elec.Capital Corp., LLC v. G. Howard Assoc., Inc.*, No.

09-CV-3923, 2010 WL 2346296, at *5-6 (E.D.N.Y. May 18, 2010); *see also Moran v. Sasso*, No.

05-CV-4716, 2009 WL 1940785, at *4 (E.D.N.Y. July 2, 2009); *Duverger v. C&C Duplicators,*

*Inc.*, No. 08-CV-0721, 2009 WL 1813229, at *2 (E.D.N.Y. June 25, 2009).

---

[4] Plaintiff's attorneys are employed by the law firm of Day Pittney LLP.

Plaintiff seeks hourly compensation rates ranging from $235 to $575 for attorneys. The application lists the qualifications for only three attorney who worked on the matter, partner Dennis LaFiura, fourth-year associate Marco Anzalone,[5] and third-year associate Erica Duelks, yet notes that "several other attorneys [] worked on this matter in various capacities." (Anzalone Aff., ¶¶ 5-7.) There is no mention of their qualifications or experience. The application also notes that an unnamed paralegals and support staff worked on the case, and lists their billing rates as $115 to $140 per hour. (*Id.* at ¶ 8.)

As can be seen above, the rates sought by Plaintiff for both attorneys and support staff are higher than those typically awarded in this District. Plaintiff has not sustained its burden under *Simmons* to prove that a "reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better result." *Imbeault*, 2009 WL 2482134, at *2 (quoting *Simmons*, 575 F.3d at 172). Simply put, there are attorneys in this District who could have, and likely would have, achieved the same result as Plaintiff's counsel. Moreover, the difficulty with determining with precision the appropriate fee to be awarded in this case is exacerbated by the fact that the names and qualifications of the other attorney, paralegals and support staff are not mentioned. Instead, Plaintiff leaves it to the Court to determine, for instance, whether the rates of $255 per hour for "R. Thibodaux" or $ 335 per hour for "M. Cicero" are appropriate.[6] Despite these difficulties, however, I recommend that plaintiff be awarded the

---

[5] Curiously, although Marco Anzalone states in his affidavit that he worked on this matter, there does not appear to be any time billed to Plaintiff for his services on the contemporaneous time records submitted to the Court. (Anzalone Aff., Exhibits A-O.)

[6] I am aware that Michael Cicero was the principal attorney who appeared in Court on this matter, and that he handled this case with skill and discretion. It is unclear from the submissions, however, whether the rate sought is appropriate in light of his qualifications and experience.

following hourly rates for attorneys: $350 for partners and a blended rate of $225 for associates; and $80 for paralegals. These rates are in line with those awarded in the Eastern District of New York.

## 2.      Reasonable Hours Expended

The second component of the presumptively reasonable fee is the number of hours reasonably expended in litigating the matter, which is defined as the hours actually expended less any "excessive, redundant, or otherwise unnecessary" time. *Hensley*, 461 U.S. at 434. To help facilitate the court's analysis, the fee applicant is required to submit contemporaneous time records that "specify, for each [timekeeper], the date, the hours expended, and the nature of the work done." *Vargas v. Transeau,* No. 04 Civ. 9772, 2008 WL 3164586, at *3 (S.D.N.Y. Aug. 6, 2008) (quoting *N.Y. State Ass'n for Retarded Children, Inc*, 711 F.2d at 1148 (2d Cir. 1983). Should the fee applicant fail to submit such documentation, it is within the court's discretion to reduce or deny the award outright. *Id*. The court may also exclude hours that it finds to be duplicative or unnecessary. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Plaintiff seeks compensation for 366.4 hours of attorney work. I have examined the time records, and find that the hours expended are reasonable and not excessive. I note that Day Pitney has already deducted 10% of the time pursuant to its fee agreement with Plaintiff. Accordingly, I recommend that Plaintiff be awarded compensation for 366.4 hours of work.

### 3.    Conclusion

Applying the judicially determined rates to the reasonable hours billed in this matter, I determine that Plaintiff is entitled to the following amounts of attorneys fees:

| Attorney | Hours | Rate | Amount |
|----------|-------|------|--------|
| D. LaFiura | 29 | $350 | $10,150.00 |
| E. Duelks | 115.6 | $225 | $26,010.00 |
| M. Cicero | 200.5 | $225 | $45,112.50 |
| R. Thidodaux | 4.1 | $225 | $922.50 |
| Paralegals | 17.2 | $80 | $1,376.00 |
| Totals | 366.4 | | $83,571.00 |

## B.    Costs

Plaintiff also seeks to recover certain expenses incurred in litigating the instant matter, as well as costs taxable under 28 U.S.C. § 1920 and Local Rule 54.1.  "[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."  *United States Football League v. National Football League*, 887 F.2d 408, 416 (2d Cir.1989) (citing *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir.1987)), *cert. denied*, 493 U.S. 1071 (1990).

Along with the contemporaneous time records, counsel has submitted summaries of all charge and disbursement amounts incurred by Day Pitney in connection with this litigation.  I have reviewed the submissions and am satisfied that the requested costs are reasonable.  I therefore find that Plaintiff is entitled to the entirety of the costs sought, or $7,932.10.

**CONCLUSION**

For the foregoing reasons, I respectfully recommend that Plaintiff's motions to dismiss Defendants' counterclaims and for attorney's fees and costs be granted. Plaintiff should be awarded $83,571.00 in attorney's fees and $7,178.38 in costs.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court and the Honorable John Gleeson within fourteen days of receipt hereof— November 25, 2010. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Plaintiff is hereby ordered to serve this Report and Recommendation on defendants at their last know addresses by certified mail, and file proof of service with the Court no later than November 10, 2010.

**Dated: November 8, 2010**
**Brooklyn, New York**


*Ramon E. Reyes, Jr.*

**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**