UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JACKSON HEWITT INC.,

                Plaintiff,

                                MEMORANDUM AND
                                ORDER ADOPTING
                                REPORT AND
                                <u>RECOMMENDATION</u>
                                08-CV-5237 (JG)(RER)

      - against -

EXCELLENT PROFESSIONAL SERVICES
LLC, and ROSIVOUTHA DEJEAN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JOHN GLEESON, United States District Judge:

        This matter arises from a motion by the plaintiff, Jackson Hewitt Inc. ("JHI"), for

entry of default judgment and for dismissal of counterclaims brought by defendants Excellent

Professional Services, LLC ("EPS") and Rosivoutha DeJean. On February 19, 2010, I referred

the motion in its entirety to Magistrate Judge Ramon E. Reyes, who has since issued two Reports

and Recommendations (together, the "Reports"). Defendants did not oppose either Report;

plaintiff opposes only the calculation of pre-judgment issue on the defaulted payments at issue in

the case.

        I hereby adopt the Report and Recommendation issued by Judge Reyes on August

6, 2010 (Docket No. 57) (the "Report"), and the Supplemental Report and Recommendation

issued by Judge Reyes on November 8, 2010 (Docket No. 61) (the "Supplemental Report"),

except for the Report's calculation of prejudgment interest. I agree with JHI that the appropriate

rate of interest is 18%, and therefore adopt the calculation of interest proposed by JHI (Objection

to the Report and Recommendation, Docket No. 58, at 2). Familiarity with the facts of the case and the content of both reports is assumed.

A.  *Prejudgment interest*

In the Report, Judge Reyes determined that JHI had "incorrectly calculated prejudgment interest at eighteen percent (18%) per annum," noting that New Jersey's statutory prohibition on usury restricts contractual interest rates to 16% per annum. (Report at 22.) He recommended that I award JHI prejudgment interest of 16%, or $21,589.12. JHI filed an objection to the Report arguing that the usury law does not apply to a defaulted obligation like that owed by Excellent Professional Services ("EPS") and DeJean, and asking me to award prejudgment interest at a rate of 18%, or $24,281.60. For the following reasons I adopt the interest calculation provided by JHI and award JHI the requested $24,281.60 in prejudgment interest.

1.  *EPS and DeJean Are Not Subject to the Usury Prohibition*

Neither EPS nor DeJean is subject to New Jersey's prohibition on usurious interest rates. A statutory exception to the usury law states that "[n]o corporation, limited liability company or limited liability partnership shall plead or set up the defense of usury to any action brought against it to recover damages or enforce a remedy on any obligation executed by said corporation, limited liability company or limited liability partnership." N.J. Stat. Ann. § 31:1-6. Because they fall into the exception to the usury prohibition carved out by New Jersey statute, neither EPS nor DeJean is entitled to plead a defense of usury against JHI.

EPS is a limited liability corporation that owes a debt to JHI on an obligation executed by "said . . . limited liability corporation." This action is brought against it to recover damages for the breach of its contractual obligations to JHI. It is therefore not permitted to take

advantage of the usury law's protection. *See Bridges Fin. Grp., Inc. v. Beech Hill Co., Inc.*, 2010 WL 3946529, at *4 (D.N.J. Oct. 5, 2010) ("New Jersey corporations are not entitled to plead usury as a defense."); *Selengut v. Ferrara*, 496 A.2d 725, 729 (N.J. Super. Ct. 1985).

Individuals who are in privity with corporations are likewise prohibited from taking advantage of New Jersey's usury protection. *See Liebers v. Plainfield Spanish Homes Bldg. Co.*, 155 A. 270 (N.J. Ch. 1931). As the sole owner of EPS and as the personal guarantor of EPS's financial obligations (*see* Report at 2), DeJean is in privity with the corporation for the purpose of the usury laws. *See Selengut*, 496 A.2d at 730 ("When loans are actually made to a corporation, usury is not a defense by the individual . . . guarantors of the corporate obligation."). Therefore, DeJean cannot invoke the protection of the usury laws.

2. *New Jersey's Usury Law Does Not Apply to Defaulted Obligations*

Even if EPS and DeJean were entitled to avail themselves of the protection of New Jersey's usury law, the law does not apply in this case. As noted by Judge Reyes, New Jersey has created strict protections against usury, enforcing a general limitation on contractual interest rates to 16% per annum.[1] However, case law creates an exception to the general restriction on usury: the statute "does not apply to interest on defaulted obligations." *Loigman v. Keim*, 594 A.2d 1364, 1366 (holding that attorney retainer agreement invoking otherwise-usurious interest rate upon client's failure to pay fees did not constitute usury); *see Westdale Constr., Ltd. v. Liberty State Fin. Holdings Corp.*, 2010 WL 1380380, at *3 (D.N.J. Apr. 1, 2010) ("[T]he interest rate on a defaulted loan is typically higher than the contract rate, and that is evidenced by New Jersey's usury statute, which does not apply to interest on defaulted

---

[1] "Except as herein and otherwise provided by law, no person shall, upon contract, take, directly or indirectly for loan of any money, wares, merchandise, goods and chattels, above the value of $6.00 for the forbearance of $100.00 for a year, or when there is a written contract specifying a rate of interest, no person shall take above the value of $16.00 for the forbearance of $100.00 for a year." N.J. Stat. Ann. § 31:1-1.

obligations." (punctuation omitted)); *Pegasus Blue Star Fund, LLC v. Canton Prods, Inc.*, 2009 WL 3246616, at *3 (D.N.J. Oct. 6, 2009).

The exception to the usury statute established in *Loigman* applies squarely to this case. The *Loigman* court stated that its holding applies "only in situations where the true intent of the parties is for the default not to occur." *Loigman*, 594 A.2d at 1366. Although the contract included a provision for EPS's failure to pay (*see* Franchise Agreements § 8.4 (entitling JHI to receive interest on past-due payments at the lesser of 18% per year or the maximum amount permitted by law)), it is clear that the intent of the business agreement was not for EPS to default on its obligations. Therefore, under *Loigman*, New Jersey's usury law does not apply to the contract between JHI and EPS/DeJean.

## CONCLUSION

Judge Reyes's reports are adopted in their entirety, except for the rate of prejudgment interest, which is calculated at 18% or $24,281.60. The Clerk is respectfully directed to enter judgment accordingly.

So ordered.

JOHN GLEESON, U.S.D.J.

Dated: January 31, 2011
      Brooklyn, New York